PETER STIRBA (Bar No. 3118)
JULIA D. KYTE (Bar No. 13113)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, UT 84110-0810
Telephone: (801) 364-8300
Fax:  (801) 364-8355
Email:  jkyte@stirba.com

*Attorneys for Defendants Summit County
and Deputy Graham*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANEXORA LEON,<br><br>　　Plaintiff,<br><br>v.<br><br>SUMMIT COUNTY and OFFICER GRAHAM,<br><br>　　Defendants. | **DEFENDANTS SUMMIT COUNTY AND DEPUTY GRAHAM'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**<br><br>Case No. 2:17-cv-00165<br><br>Magistrate Judge Brooke C. Wells |

Defendants Summit County and Deputy Graham (collectively, "Defendants"), hereby answer, allege and defend as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In response to the specific allegations in Plaintiff's Complaint, Defendants allege as follows:

### JURISDICTION AND VENUE

1. Admit the allegations in paragraph 1.

2. Admit the allegations in paragraph 2.

3. Admit the allegations in paragraph 3.

### PARTIES

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

5. Admit the allegations in paragraph 5.

6. Answering paragraph 6, Defendants admit that Deputy Mike Graham is a Utah citizen and that at the time of the incident he was employed by the Summit County Sheriff's Office. Defendants deny that Deputy Graham resides within Summit County, Utah.

### GENERAL ALLEGATIONS

7. Admit the allegations in paragraphs 7, 8, and 9.

8. Answering paragraph 10, Defendants admit that Deputy Graham stopped the Chrysler 300 under the reasonable suspicion that a traffic or equipment violation had occurred, or was occurring.

9. Admit the allegations in paragraph 11.

10. Admit the allegations in paragraph 12. Defendants further admit that upon stopping the Plaintiff, Deputy Graham's body camera footage demonstrates that Ms. Leon clearly knew the license plates were not correct. Defendants admit that Plaintiff was speaking quickly and said she was in a rush because the rodent guy was at her house. Defendants admit that Plaintiff also was eating peanuts while talking to Deputy Graham. Further, Defendants admit that at one point, the Plaintiff apologized and said she was eating peanuts because she had not eaten lunch, however, later on in the interaction, Plaintiff stated to Deputy Graham that she had one beer at lunch with appetizers, which was an inconsistent statement.

11. Admit the allegations in paragraph 13, in that Plaintiff consented to opening the trunk of her vehicle, which she did by pushing a button while in the driver's side seat. Defendants admit that when Deputy Graham physically opened the trunk, he discovered license plates that were later confirmed to be registered in Plaintiff's name.

12. Admit the allegations in paragraph 14. Deputy Graham detected the smell of alcohol coming from Plaintiff and/or her vehicle. Defendants further admit that, without prompting, the body camera footage reflects that Detective Bowers, the other officer on scene, also confirmed that he detected the odor of alcohol coming from Plaintiff and/or her vehicle. Detective Bowers indicated to Deputy Graham that he, (Detective Bowers), felt that the Plaintiff smelled like beer, and Detective Bowers told Deputy Graham that he thought she may have had beer in a green cup within the car that she was drinking from.

13. Admit the allegations in paragraph 15.

14. Deny the allegations in paragraph 16.

15.     Admit the allegations in paragraph 17.  Defendants further admit that Plaintiff did poorly on the field sobriety tests.

16.     Admit the allegations in paragraph 18.  Defendants further admit that Deputy Graham gave Plaintiff multiple opportunities to take the portable breath test, including stepping away with Detective Bowers, to give Plaintiff several minutes to contemplate if she wanted to voluntarily take the portable breathe test.  Upon finally asking if she wanted to take the test, yes or no, and Plaintiff indicated she was too scared to, Detective Graham then indicated to the Plaintiff that he thought she was not safe to drive and placed her in handcuffs with an indication that she was under arrest on suspicion of driving while impaired, or a DUI.

17.     Admit the allegations in paragraph 19.  Defendants further admit that Plaintiff did not ever take the portable breath test during the traffic stop.

18.     Deny the allegations in paragraph 20.  Plaintiff chose not to take the portable breath test after multiple inquiries by Deputy Graham as to whether she would or not under the test as the final step in the field sobriety tests.

19.     Answering paragraph 21, Defendants admit that Plaintiff provided a blood sample while at the jail on October 27, 2016.

20.     Answering paragraph 22, Defendants admit that on November 23, 2016, a Toxicology Preliminary Report was created by the Unified State Laboratories: Public Health Bureau of Forensic Toxicology, where the BAC was noted at 0.01. In addition, the Rx Drug Panel Screen came back positive for Diphenhydramine but the level was not included.  On December 5, 2016, a Toxicology Final Report was created by the Unified State Laboratories:

Public Health Bureau of Forensic Toxicology, where the BAC was noted at 0.01 Defendants deny the remainder of the allegations in paragraph 22.

21. Answering paragraph 23, Defendants admit that on November 1, 2016, a case was initiated with the Court based on the citation issued by the Summit County's Sheriff's Office and the data had to be efiled with the Court within five days as required under U.C.A.§ 77-7-18 and § 77-7-20. Defendants further admit that on December 22, 2016, the Summit County Prosecutor filed the Information. Defendants deny the remainder of the allegations in paragraph 23.

22. Answering paragraph 24, Defendants admit that the Prosecutor moved to dismiss the case with prejudice on January 17, 2017, and the Court granted dismissal.

**FIRST CLAIM FOR RELIEF**
*§ 1983 Claim for Unreasonable Search and Seizure Against Officer Graham*

23. Answering the allegations in paragraph 25, Defendants incorporate by reference their previous responses to paragraphs 1 through 24 as here and above alleged.

24. Admit the allegations in paragraphs 26, 27, and 28.

25. Deny the allegations in paragraph 29.

26. Deny the allegations in paragraph 30. Defendants admit that an odor of alcohol emanated from Plaintiff and her vehicle, detected independently by both officers at the scene. Defendants further admit that Plaintiff admitted to have consumed alcohol at lunch, although earlier in the interaction Plaintiff stated she was eating peanuts because she had not eaten lunch, which was inconsistent. Defendants further admit that Plaintiff did poorly on the field sobriety tests. Defendants further admit that Plaintiff later addressed that she was scared to take the

portable breath test which was the final voluntary step in the tests because she had had a liquor store strength beer and didn't know how that would affect the test. Despite multiple opportunities at the scene, Plaintiff never took the portable breath test, where Deputy Graham finally placed Plaintiff under arrest for a DUI having developed probable cause that Plaintiff was impaired and unsafe to be driving her vehicle.

27. Deny the allegations in paragraph 31.

## SECOND CLAIM FOR RELIEF
### *§ 1983 Claim for Malicious Prosecution Against Summit County*

28. Answering the allegations in paragraph 32, Defendants incorporate by reference their previous responses to paragraphs 1 through 31 as here and above alleged.

29. Deny the allegations in paragraphs 33, 34, 35, and 36.

30. Answering the allegations in paragraph 36, Defendants admit that the Prosecutor for Summit County moved to dismiss the case via Motion on January 17, 2017.

31. Admit the allegations in paragraph 37.

32. Deny the allegations in paragraphs 38, 39, and 40.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Claims for Relief, these Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants did not violate any constitutional, statutory or common law right, privilege or immunity of the Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, as any and all actions or inactions on the part of Defendants did not violate clearly established law, were objectively reasonable and, therefore, Defendants have qualified immunity from suit.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiffs have suffered no compensable injury or damage as a result of Defendants' conduct.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to mitigate her damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or appropriately reduced.

**SIXTH AFFIRMATIVE DEFENSE**

These Defendants are immune under the provisions of Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. § 63G-7-201, 202 and 301. Moreover, Plaintiff's claims may be barred, in part, by their failure to strictly comply with, or allege

compliance with, all applicable provisions of the Governmental Immunity Act of Utah, Utah Code Ann. §§ 63G-7-101 to 904.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are specifically barred, in whole or in part, by Utah Code Ann. §§ 63G-7-603 and 904.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, without malice and without the intent to violate the Plaintiff's civil rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity and legislative immunity.

### TENTH AFFIRMATIVE DEFENSE

Defendants assert that to the extent that Plaintiffs' claims were not brought or asserted in good faith and lack merit, Defendants should be awarded all reasonable attorney's fees incurred in defending this action pursuant to Utah Code § 78B-5-825 and/or 28 U.S.C. § 1927.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages claims are barred, in whole or in part, because they are speculative, unproven, and unreasonable.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery.  Defendants assert

each and every affirmative defense as it may be ascertained through future discovery in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, no cause of action found, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief, as this Court deems appropriate.

DATED this 31st day of March, 2017.

**STIRBA, P.C.**


By: /s/ Julia D. Kyte
 PETER STIRBA
 JULIA D. KYTE
 *Attorneys for Defendants Summit County and Deputy Graham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2017, a true copy of the foregoing **DEFENDANTS SUMMIT COUNTY AND DEPUTY GRAHAM'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was served by the method indicated below, to the following:

| | |
|---|---|
| Tyler B. Ayres | (  ) U.S. Mail, Postage Prepaid |
| Daniel M. Baczynski | (  ) Hand Delivered |
| AYRES LAW FIRM | (  ) Overnight Mail |
| 12339 S. 800 E. Ste. 101 | (  ) Facsimile |
| Draper UT 84020 | (X) Electronic Filing |

/s/ Barbara Brink
Legal Assistant