Tyler B. Ayres, Bar No. 9200
Daniel M. Baczynski, Bar No. 15530
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
tyler@ayreslawfirm.com
Daniel.ayres@gmail.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANEXORA LEON,<br><br>On behalf of Plaintiff and class,<br><br>vs.<br><br>SUMMIT COUNTY and OFFICER GRAHAM<br><br>Defendants. | **AMENDED COMPLAINT AND JURY DEMAND**<br><br>Case No: 2:17-cv-00165-DN<br><br>Judge: David Nuffer |

Anexora Leon (Leon), by and through her attorneys, Ayres Law Firm and for her Complaint against Defendants, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

2. Venue lies in the United States District Court for the District of Utah because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Summit County, Utah. 28 U.S.C. § 1391(b)(2).

3. Defendants are subject to personal jurisdiction within this district.

## PARTIES

4. Plaintiff Leon is a Utah resident residing within State of Utah.

5. Defendant Summit County is a municipal entity located within the State of Utah.

6. Upon information and belief, Defendant Officer Graham is a Utah citizen residing within Summit County, State of Utah. At the time of the incident, Officer Graham was employed by the Summit County Sheriff's Office.

## GENERAL ALLEGATIONS

7. On October 27th, 2016, Officer Mike Graham observed a silver Chrysler 300 traveling westbound on Highland Drive,

8. Officer Graham ran a computer records check on the license plate affixed to the rear bumper of the Chrysler.

9. The computers records check indicated revealed a cancelled registration for the license plate.

10. Officer Graham stopped the Chrysler 300 by turning on his red and blue emergency lights thereby indicating that he was law enforcement and was detaining Ms. Leon.

11. Leon was the driver of the Chrysler 300.

12. Leon told Officer Graham that the license plate for the vehicle was in the trunk of the vehicle.

13. Officer Graham indicates in his report that Leon "popped the truck" and gave him permission to locate the license plate therein.

14. After Leon opened the trunk, Officer Graham discovered license plates that were consistent with the registration of the vehicle and Leon.

15. While speaking with Leon, Officer Graham claims that he detected the odor of alcohol coming from the vehicle.

16. Officer Graham asked Leon if she had been drinking and she replied she had consumed one beer at lunch.

17. Leon showed no signs of intoxication that Officer Graham notes in his report.

18. Graham noted that Leon "spoke quickly."

19. Officer Graham had Leon perform field sobriety tests.

20. Officer Graham's observations and notes are inconsistent with the results of the blood alcohol content that was ultimately determined to be in her system.

21. Leon submitted to a blood draw.

22. Officer Graham issued a citation to Leon which indicated that she was required to appear in court in "not less than 5 or more than 14 days from the date the citation was issued."

23. Officer Graham submitted the citation to Summit County Justice Court.

24. Leon provided a blood sample.

25. Leon's BAC at the time of the blood draw was .01.

26. Leon was charged with a DUI by Summit County on November 1, 2016.

27. Summit County moved to dismiss the case with prejudice on January 17, 2017 and the court granted dismissal.

## FIRST CLAIM FOR RELIEF
*§ 1983 Claim for Unreasonable Search and Seizure against Officer Graham*

28. The foregoing paragraphs are incorporated by reference.

29. Officer Graham initiated a traffic stop of Leon's vehicle.

30. Officer Graham initiated the traffic stop based on the vehicle's cancelled registration.

31. Officer Graham did not initiate the traffic stop due to a suspicion of DUI.

32. During the traffic stop, Leon exhibited no signs of intoxication.

33. Other than the odor of alcohol in Leon's vehicle and Leon's admission that she had a beer for lunch, Officer Graham had no basis for suspecting Leon was driving while impaired.

34. Based on the totality of the circumstances, Officer Graham lacked the reasonable suspicion required to expand the scope of the stop.

## SECOND CLAIM FOR RELIEF
*§ 1983 for Malicious Prosecution against Summit County and Officer Graham*

35. The foregoing paragraphs are incorporated by reference.

36. Officer Graham electronically filed Anexora Leon's citation to Summit County Justice Court, thereby initiating the criminal case against Leon.

37. On October 27th, 2016, Summit County Justice Court issued a notice to appear in court within fourteen (14) days regarding the DUI charge.

38. Summit County received the results of the blood test on November 23rd, 2016.

39. Summit County lacked probable cause to charge Leon with a DUI because her BAC was .01.

40. Summit County moved to dismiss the case on January 17, 2017.

41. The DUI charge against Leon was dismissed with prejudice on the same day.

4

42. Summit County has a policy or practice by which the County commences prosecution of DUIs prior to receiving the result of BAC chemical tests.

43. As a result of this policy, Summit County prosecutes DUIs which lack probable cause.

44. Summit County's malicious prosecution of Leon violated Leon's constitutional rights.

## THIRD CLAIM FOR RELIEF
*Request for Injunctive Relief*

45. The foregoing paragraphs are incorporated by reference.

46. Utah Code § 77-7-19 requires that "A person receiving a citation issued pursuant to U.C.A § 77-7-18 shall appear before the magistrate designated in the citation on or before the time and date specified in the citation."

47. Section 3 (a) indicates that a person who fails to comply with the code is subject to arrest.

48. U.C.A. § 77-7-20 requires a peace officer who issues a citation (including DUI citations) to electronically file the citation with the court specified in the citation within five days.

49. Once the citation has been filed, the Justice Court will issue a notice to appear in court to address the charges included in the citation.

50. Either the notice to appear in court or the citation issued by the officer officially commences "prosecution" of the individual cited.

51. As a general practice, Summit County does not have the results of any blood test taken pursuant to DUI investigation within 14 days of the issuance of a citation.

52. It generally takes weeks or months before Summit County receives the results of a DUI blood test.

53. Summit County therefore commences prosecution without any actual knowledge of the individuals BAC where the individual submitted to a blood test.

54. When the blood test results come back with a BAC below .08, Summit County will generally dismiss the DUI charge and claim that no prosecution had commenced.

55. Defendants who are accused of DUI generally hire attorneys within 10 days of the date of their citation.

56. As a general rule, payment in full is required by defense attorneys prior to be retained as counsel to defend a client against an allegation of DUI.

57. Summit County's practice of prosecuting individuals for DUI without a result from a blood or breath test that indicates they are in violation of the law or evidence that reasonably articulates that they are incapable of operating a vehicle safely is a direct violation of both State and Federal Constitutional and Statutory Rights.

58. Plaintiff requests the Court issue an order where Summit County is enjoined from prosecuting DUI charges against an individual without first obtaining that individuals chemical test results.

## CLASS ALLEGATIONS

59. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

60. The class consists of (a) all individuals in Utah (b) who were cited with a DUI under Utah Code § 41-6a-502 (c) who submitted to a blood test for determining the individual's BAC (d) wherein Summit County initiated prosecution of the DUI prior to Summit County obtaining the individual's BAC (e) whose BAC was under .08 and (f) who had the DUI charge favorably terminated (g) within the last four (4) years immediately preceding the filing of this complaint.

61. On information and belief, the class is so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the class is within the control of the Defendant.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether Summit County is required to first obtain the individual's BAC before initiating prosecution of the DUI.

63. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

64. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and § 1983 claims.

65. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

## **PRAYER FOR RELIEF**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

   a. Compensatory and special damages in whatever amount exclusive of costs and interest;

   b. Punitive/exemplary damages against Defendants;

   c. For interest and costs as allowed by law;

   d. For attorney fees as allowed by 42 U.S.C. § 1988;

   e. Appropriate declaratory and injunctive relief against Summit County to stop Summit County from prosecuting DUIs without first obtaining the relevant BAC;

f.  Such other and further relief as the court deems appropriate.

Dated this 13th day of March, 2017.

                        AYRES LAW FIRM

                        /s/ Daniel M. Baczynski
                        Attorneys for Plaintiff