# IN THE UNITED STATES DISTRICT COURT
# STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANEXORA LEON,<br><br>On behalf of Plaintiff and class,<br><br>vs.<br><br>SUMMIT COUNTY and OFFICER GRAHAM,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>Case No: 2:17-cv-0165<br><br>Judge: David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

THIS MATTER is before the Court on Plaintiff Anexora Leon's Motion to Compel Discovery. The Court, having reviewed the motion and all parties' briefings, finds Plaintiff submitted interrogatories 1 – 4 to Defendants, Defendants objected to the interrogatories as "overly broad and unduly burdensome" and irrelevant. Parties engaged in a meet and confer spanning multiple letters and a phone call between Daniel Baczynski (counsel for Plaintiff) and Julia Kyte (counsel for Defendants) from June 14th through June 29th.

Defendants argue Plaintiff's request for discovery is premature because three motions, including a dispositive motion, are pending before the Court. Notably, the Federal Rules of Civil Procedure do not automatically stay discovery upon the filing of a dispositive motion. To stay discovery, the proper procedure is to file a motion for a protective order or a motion to stay discovery. Neither motion was filed in this case. The Court therefore finds discovery is not premature.

Furthermore, Plaintiff has the right to conduct discovery prior to class certification on the issues of numerosity and commonality. *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, 275

F.R.D. 534, 539 (D. Kan. 2011). The Court finds Plaintiff's Interrogatories 3 and 4 to be relevant to the numerosity and commonality factors. Defendants argue the discovery requests are not proportional because it will be costly to compute the answers for these requests and Plaintiff's damages are limited to only a couple thousand dollars. The Court finds this argument not persuasive because the plaintiff seeks to bring this case on behalf of a class, and the purpose of class actions lawsuits is to provide an avenue for relief in cases where the damages are so low as to make litigation impracticable.  Furthermore, Defendants have not provided sufficient explanation of the expense of the calculation, or the ability to mitigate through production to show that the cost of the discovery is disproportionate.

Finally, during the hearing, Plaintiff requested fees for bringing the motion.  Defendants' counsel opposed the award of fees based on the fact that they had responded timely to discovery. The Court expresses concern regarding the Defendants' responses to Plaintiff's discovery requests. Defendants' responses are boilerplate objections that fall short of the requirements of Federal Rules of Civil Procedure 33. Defendants presented issues to the Court that were not addressed in Defendants' objections. Federal Rule of Civil Procedure 37(a)(5) states:

> The court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The Court orders production of discovery, and therefore the Court finds an award of Plaintiff reasonable expenses incurred in bringing her motion to compel justified.  Further, the Court does not find the Defendants' refusal and boilerplate interrogatory responses substantially justified, and finds no other circumstances that would make an award of expenses unjust.  A party cannot simply shift the expense of making a motion to the opposing party by unilaterally refusing to respond to discovery while a Motion to Dismiss remains pending.  The Court also notes Federal Rule of Civil

Procedure 37(a)(4) explicitly includes evasive or incomplete answers or responses as "a failure to disclose, answer, or respond."

Based on the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants respond to Plaintiff's Interrogatory 3 within twenty-eight days, amended as follows:

    DEFINITION: Prosecution - the institution and conducting of legal proceedings against someone in respect of a criminal charge, including but not limited to the issuance of a citation, the filing a citation with a justice or district court, any other act that results in a justice court issuing a notice to appear in court, or the filing of information in a court.

    INTERROGATORY NO. 3: Please calculate the number of cases, and provide the case number for each case, from March 7th, 2013 through the present, wherein Summit County prosecuted an individual with a charge pursuant to § 41-6a-502, wherein the charge pursuant to § 41-6a-502 was dismissed, and wherein a blood test was administered.

2. Defendants respond to Plaintiff's Interrogatory 4 within twenty-eight days, with the option of answering the interrogatory either through documents or by providing Plaintiff with access to Defendants' records.
3. Defendants pay Plaintiff reasonable expenses of brining the motion.
4. Plaintiffs will submit a separate motion detailing those fees.

DATED this 18th day of July, 2017.

BY THE COURT:

_/s/ Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge
