IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANEXORA LEON,<br><br>        Plaintiff,<br>v.<br><br>SUMMIT COUNTY and OFFICER GRAHAM,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING [19] DEFENDANTS' MOTION TO DISMISS;**<br>• **DENYING [22] PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT;**<br>• **DENYING [27] PLAINTIFF'S MOTION TO CONVERT FILINGS TO SUMMARY JUDGMENT; and**<br>• **OVERRULING [42] DEFENDANTS' OBJECTION TO AWARD OF EXPENSES ON MOTION TO COMPEL**<br><br>Case No. 2:17-cv-00165-DN-EJF<br><br>District Judge David Nuffer |

Plaintiff Anexora Leon has filed suit against Summit County and Officer Mike Graham ("Defendants") alleging civil rights violations from a traffic stop and subsequent arrest for driving under the influence of alcohol ("DUI"). Defendants have moved to dismiss (the "Motion to Dismiss")[1] for failure to state a claim under Rule 12(b)(6).[2] Ms. Leon has moved to amend the

---

[1] Motion to Dismiss, docket no. 19, filed April 27, 2017. This was the second of two motions to dismiss filed by Defendants. The first motion to dismiss addressed the initial complaint, which was amended following the first motion to dismiss. Motion to Dismiss, docket no. 5, filed March 31, 2017. The first motion to dismiss already has been terminated as moot. Order Finding as Moot Motion to Dismiss, docket no. 56, filed November 8, 2017. In the second Motion to Dismiss, which is resolved by this Memorandum Decision and Order, Defendants refiled and expanded upon their first motion to dismiss in response to the Amended Complaint.

[2] Fed. R. Civ. P. 12(b)(6).

operative complaint (the "Motion to Amend"),³ which is the First Amended Complaint (the "Complaint").

**Complaint and Motion to Amend.** The Complaint fails to state a claim under Section 1983⁴ based on a Fourth Amendment violation or malicious prosecution. Under the totality of the circumstances presented in the Complaint, Deputy Graham had at least an arguable reasonable suspicion to make an arrest because Ms. Leon smelled of alcohol, admitted to some drinking before driving, had slowed speech, and refused a portable blood test ("PBT"). Amendment is futile because the additional allegations and claims in Ms. Leon's proposed Second Amended Complaint do not cure the deficiencies in her case or state a claim for relief. The Motion to Dismiss is therefore GRANTED, and the Motion to Amend is DENIED.

**Motion to Convert.** During briefing of the Motion to Dismiss and Motion to Amend, the parties raised a number of allegations of fact and sources outside the pleadings, prompting Ms. Leon to file a Motion to Convert Filings to Summary Judgment (the "Motion to Convert").⁵ The Motion to Convert is DENIED because the case can be decided on the Motion to Dismiss based on the allegations in the Complaint and judicial notice.

**Objection to Award of Expenses.** While these motions were pending, Magistrate Judge Furse resolved a motion to compel discovery (the "Motion to Compel")⁶ in Ms. Leon's favor and granted Ms. Leon her expenses from Defendants for the Motion to Compel.⁷ Defendants

---

³ Motion to Amend, docket no. 22, May 11, 2017.

⁴ 42 U.S.C. § 1983.

⁵ Motion to Convert Filings into Summary Judgment Motion, docket no. 27, May 26, 2017.

⁶ Motion to Compel Discovery, docket no. 35, filed July 5, 2017.

⁷ Memorandum Decision and Order Granting in Part Motion to Compel Discovery, docket no. 45, July 19, 2017.

2

objected to the decision on the expenses (the "Expenses Objection").[8] The Expenses Objection is OVERRULED. Even though Defendants prevail on their Motion to Dismiss, the dismissal of Ms. Leon's claims does not excuse Defendants' failure to comply with discovery requirements. Defendants have had an opportunity to be heard on the issue of whether to impose expenses,[9] and Defendants arguments are rejected. Defendants are permitted a response, if any, to Ms. Leon's pending Affidavit in Support of Attorney Fees,[10] but only as to the amount of fees claimed and not as to the grounds for the award.

**Table of Contents**

Background .................................................................................................................................. 3
Discussion .................................................................................................................................... 5
    Motion to Dismiss ................................................................................................... 5
        Ms. Leon's Allegations Do Not State a Fourth Amendment Claim. ...................... 6
        Ms. Leon's Malicious Prosecution Claim Does Not State a Claim for Relief. ...... 8
        No Underlying Cause of Action Supports Injunctive Relief. .............................. 10
        Class Certification Is Moot. .................................................................................. 11
    Motion to Amend ................................................................................................... 11
    Motion to Convert to Summary Judgment ............................................................. 14
    Objection to Expenses on Motion to Compel ........................................................ 14
Order ........................................................................................................................................... 16

## BACKGROUND

Ms. Leon sued Summit County, Utah, and Officer Graham, a deputy in the Summit County Sheriff's Office.[11] The Complaint contains "Class Allegations" plus three identified causes of action: (1) a Section 1983 claim under the Fourth Amendment; (2) a Section 1983

---

[8] Objection to Magistrate Judge Decision, docket no. 42, filed July 18, 2017 (filed based on the oral ruling from Judge Furse, docket no. 39, filed July 11, 2017).

[9] *Id.* at 9–10.

[10] Affidavit in Support of Attorney Fees, docket no. 44, filed July 18, 2017.

[11] Complaint ("Initial Complaint"), docket no. 2, filed March 7, 2017.

claim for malicious prosecution; and (3) a demand for injunctive relief.[12] The proposed Second Amended Complaint adds allegations of improperly conducted field sobriety tests and a Section 1983 Claim based on Summit County's alleged failure to train Deputy Graham.[13]

The allegations concern a traffic stop that occurred on October 27, 2016.[14] Deputy Graham stopped Ms. Leon based on her expired car registration.[15] While interacting with Ms. Leon regarding her expired registration, Deputy Graham expanded his search of Ms. Leon based on suspicion that she had consumed alcohol.[16] Deputy Graham smelled alcohol.[17] He observed that Ms. Leon spoke quickly.[18] Ms. Leon admitted to drinking recently before the stop—that "she had consumed one beer at lunch."[19] Ms. Leon then performed field sobriety tests, which did not dispel Deputy Graham's concerns.[20] In the Proposed Second Amended Complaint, Ms. Leon alleges that the field sobriety tests were not conducted properly.[21]

Ms. Leon undisputedly drank alcohol prior to Deputy Graham's traffic stop. The only question was exactly how much alcohol was in her system, which required a chemical test. Deputy Graham requested a portable breath test (PBT), but Ms. Leon did not immediately

---

[12] Amended Complaint, docket no. 15, filed April 13, 2017. The amended complaint (the "Complaint") is the operative complaint for purposes of this Memorandum Decision and Order, although allegations in the Initial Complaint and proposed Second Amended Complaint are cited where pertinent to the analysis of the issues. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (permitting judicial notice of the record on a motion to dismiss).

[13] Proposed Second Amended Complaint, Attachment 1 to Motion to Amend, docket no. 22-1, filed May 11, 2017.

[14] Complaint ¶ 7.

[15] *Id.* ¶¶ 8, 9.

[16] *Id.* ¶¶ 15, 16.

[17] *Id.* ¶ 15.

[18] *Id.* ¶ 18.

[19] *Id.* ¶ 16.

[20] *Id.* ¶¶ 19, 20.

[21] Proposed Second Amended Complaint ¶¶ 22–53.

comply with the request.[22] Defendants instead were forced to rely on a blood test to which Ms. Leon submitted,[23] the results of which took time to process.

Based on the observations at the traffic stop, Summit County charged Ms. Leon with misdemeanor DUI (as well as a license plate infraction).[24] The DUI charge was pending against Ms. Leon for two and a half months.[25] The blood test results came in showing blood alcohol content (BAC) at the time of the blood draw was .01,[26] below the legally proscribed limit.[27] Summit County moved to dismiss the case against Ms. Leon with prejudice on January 17, 2017—after reviewing Ms. Leon's BAC results—and the court granted dismissal.[28]

## DISCUSSION

### Motion to Dismiss

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6).[29] Defendants filed a Motion to Dismiss on this basis. Ms. Leon opposed the Motion to Dismiss.[30] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[31] As the Supreme Court explained in *Ashcroft v. Iqbal*, "only a complaint that states a plausible claim for relief survives a motion to

---

[22] *Id.* at ¶¶ 55–58; Initial Complaint ¶¶ 18–20.

[23] Complaint ¶¶ 21, 24.

[24] *Id.* ¶ 26; Motion to Dismiss at 8.

[25] Complaint ¶¶ 26, 27.

[26] *Id.* ¶ 25.

[27] Utah Code § 41-6a-502(1).

[28] *Id.* ¶ 27.

[29] Fed. R. Civ. P. 12(b)(6).

[30] Opposition to Motion to Dismiss, docket no. 24, filed May 25, 2017.

[31] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

dismiss."[32] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[33] Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[34] Setting aside the legal conclusions in the Complaint, Ms. Leon's well-pleaded facts do not state a plausible claim for relief for the reasons that follow.

*Ms. Leon's Allegations Do Not State a Fourth Amendment Claim.*

Section 1983 provides a civil action for the deprivation of Constitutional rights.[35] Ms. Leon sues Defendants under Section 1983 for a violation of her Fourth Amendment right to freedom from unreasonable search and seizure.[36] "A traffic stop is a seizure for Fourth Amendment purposes, and must be justified by reasonable articulable suspicion."[37] Ms. Leon contends that, although Deputy Graham had cause to stop her based on her expired registration, Deputy Graham "lacked the reasonable suspicion required to expand the scope of the stop" by investigating and arresting her for DUI.[38]

Under Tenth Circuit law, Ms. Leon's allegations do not support a Section 1983 action based on the Fourth Amendment. "When a warrantless arrest is the subject of a [Section] 1983 action, the defendant is entitled to qualified immunity if probable cause existed to arrest the

---

[32] 556 U.S. 662, 679 (2009).

[33] *Id.* (internal quotation marks and citations omitted).

[34] *Id.* at 678.

[35] 42 U.S.C. § 1983.

[36] Complaint ¶¶ 28–34.

[37] *U.S. v. Ledesma*, 447 F.3d 1307, 1312 (10th Cir. 2006) (citing *Terry v. Ohio*, 392 U.S. 1, 20 (1968)).

[38] Complaint ¶¶ 32–34.

plaintiff."[39] Probable cause to arrest exists if the facts and circumstances within the officer's knowledge are sufficient to justify a prudent officer in believing the defendant committed or is committing an offense.[40] Thus, qualified immunity applies if the officer had "arguable reasonable suspicion."[41] A prudent officer is justified in believing a driver has committed a DUI where (1) the officer witnessed the individual driving a vehicle; (2) the officer observed indicia of alcohol consumption, including the odor of alcohol and unusual speech; and (3) the driver refused to take a PBT (breathalyzer).[42] Indicia of alcohol consumption, including the odor of alcohol, give an officer reasonable suspicion to detain and investigate a driver for DUI.[43] Probable cause may then develop, justifying an arrest, based on the driver's refusal to take a PBT.[44] The Tenth Circuit also has found "arguable reasonable suspicion" entitling an officer to qualified immunity where the driver admitted to having "one beer three hours ago."[45]

Under the totality of the circumstances in this case, Deputy Graham had at least an "arguable reasonable suspicion" to detain and arrest Ms. Leon for DUI. He observed Ms. Leon driving a vehicle.[46] He smelled alcohol coming from Ms. Leon's car and observed that she was speaking quickly.[47] Ms. Leon admitted to having a beer at lunch before driving.[48] Under Utah law, all drivers consent to BAC tests by operating a vehicle—so long as the peace officer has

---

[39] *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) (citing *Atwater v. Lago Vista*, 532 U.S. 318, 322 (2001)).

[40] *Id.*

[41] *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008) (quoting *U.S. v. Cortez*, 449 U.S. 411, 417–18 (1981)).

[42] *Wilder*, 490 F.3d at 813 (citing *Miller v. Harget*, 458 F.3d 1251, 1259–60 (11th Cir. 2006)).

[43] *Id.*

[44] *Wilder*, 490 F.3d at 813; *Miller*, 458 F.3d at 1259–60.

[45] *Vondrak*, 535 F.3d at 1207.

[46] Complaint ¶ 7.

[47] *Id.* ¶¶ 15, 18.

[48] *Id.* ¶ 16.

grounds to believe the driver violated DUI laws—and drivers are not entitled to choose between methods for the chemical test.[49] Ms. Leon, however, refused to take a PBT, insisting instead on a blood test with delayed results.[50] Even though the test results later came back below the legal limit, the results do not negate Deputy Graham's arguable reasonable suspicion. "Since probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges or acquittal."[51] Deputy Graham is entitled to qualified immunity from Ms. Leon's Section 1983 claim because the Complaint reveals arguable reasonable suspicion for a DUI arrest.

Summit County's liability is tied to the liability of Deputy Graham. "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."[52] With no basis to proceed against Deputy Graham, who is entitled to qualified immunity, the Section 1983 claim for Fourth Amendment violations against Summit County is likewise dismissed.

### *Ms. Leon's Malicious Prosecution Claim Does Not State a Claim for Relief.*

Ms. Leon asserts a second cause of action for malicious prosecution under Section 1983.[53] She contends that "Summit County lacked probable cause to charge [her] with a DUI because her BAC was .01."[54] Summit County moved to dismiss its DUI case against Ms. Leon

---

[49] Utah Code § 41-6a-520.

[50] Proposed Second Amended Complaint ¶¶ 55–58; Initial Complaint ¶¶ 18–20.

[51] *Summers v. State of Utah*, 927 F.2d 1165, 1166–67 (10th Cir. 1991) (internal citations omitted).

[52] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

[53] Complaint ¶¶ 35–44.

[54] *Id.* ¶ 39.

with prejudice after reviewing Ms. Leon's BAC results, and the court granted dismissal.[55] From this chain of events, Ms. Leon alleges that "Summit County prosecutes DUIs which lack probable cause" based on a policy or practice of "commenc[ing] prosecution of DUIs prior to receiving the results of BAC chemical tests."[56]

The allegation of Summit County's practices or policies are supported only by the allegations of fact concerning Ms. Leon's own experience, which does not state a plausible claim for relief. As discussed above, Ms. Leon put herself in the position of waiting for blood test results by refusing a PBT.[57] Without the test results to establish her BAC, Defendants operated under arguable reasonable suspicion when arresting Ms. Leon and charging her with DUI.[58]

Moreover, the cause of action for malicious prosecution under Section 1983 is barred by prosecutorial immunity. "It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions.[59] "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."[60] The extent of the immunity depends on the function performed, not the identity of the actor.[61]

---

[55] *Id.* ¶ 27.

[56] *Id.* ¶¶ 42, 43.

[57] Proposed Second Amended Complaint ¶¶ 55–58; Initial Complaint ¶¶ 18–20.

[58] *Vondrak*, 535 F.3d at 1207.

[59] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (internal quotations omitted) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).

[60] *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[61] *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).

Here, Ms. Leon's malicious prosecution claim concerns activities intimately associated with the judicial process:

- charging Ms. Leon with a DUI even though her blood test results later revealed a BAC of .01;[62]

- commencing prosecution of DUIs prior to receiving the result of BAC chemical tests;[63] and

- dismissing the charges against Ms. Leon after evaluating the evidence.[64]

As part of the judicial process, these activities by Defendants are protected by prosecutorial immunity. Ms. Leon's Section 1983 claim for malicious prosecution therefore fails.

### *No Underlying Cause of Action Supports Injunctive Relief.*

Ms. Leon's third cause of action seeks injunctive relief against Defendants.[65] Specifically, the Complaint requests "an order where Summit County is enjoined from prosecuting DUI charges against an individual without first obtaining that individuals [sic] chemical test results."[66] The claim for injunctive relief is dismissed.

Injunctive relief is a remedy, not an independent cause of action. Injunctive relief is available as a remedy only where a party prevails on a separate legal theory. Because Ms. Leon's two Section 1983 claims fail, so too does her request for injunctive relief.

Also, the requested relief is inconsistent with the law. BAC is only one avenue to proving a DUI case against a criminal defendant under Utah law. Regardless of the driver's BAC, a DUI violation occurs if the driver is under the influence of alcohol "to a degree that renders the person

---

[62] Complaint ¶ 39.

[63] *Id.* ¶ 42.

[64] *Id.* ¶ 40.

[65] *Id.* ¶¶ 45–58.

[66] *Id.* ¶ 58.

incapable of safely operating a vehicle."[67] Summit County should not be required to withhold charges until it has obtained chemical test results.

### *Class Certification Is Moot.*

Ms. Leon seeks to pursue her claims as the representative of a class of similarly situated plaintiffs.[68] Because Ms. Leon's claims are dismissed, class certification is moot. Even assuming that the action could satisfy the requirements for certification under Rule 23,[69] the prospective class would be in the same position as Ms. Leon—that is, without a viable claim.

## Motion to Amend

With her Motion to Amend, Ms. Leon seeks leave to file a Second Amended Complaint.[70] After amending once as a matter of course, a party may only amend its complaint "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."[71] The courts have identified circumstances in which justice does not require leave to amend: "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[72] Based on a thorough review, the proposed Second Amended Complaint does not cure the deficiencies in Ms. Leon's action. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[73] The Motion to Amend is denied because amendment would be futile.

---

[67] Utah Code § 41-6a-502(1)(b).

[68] Complaint ¶¶ 59–65.

[69] Fed. R. Civ. P. 23(a).

[70] Motion to Amend.

[71] Fed. R. Civ. P. 15(a)(2).

[72] *Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[73] *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999).

The proposed Second Amended Complaint includes three of the same causes of action which are dismissed by this decision: Section 1983 claims for unreasonable search and seizure and malicious prosecution, and a request for injunctive relief.[74] Because these causes of action fail to state a claim for the reasons stated in the discussion of the Motion to Dismiss, they are futile.

Ms. Leon proposes to assert a new claim against Summit County under Section 1983 for "failure to train."[75] This claim alleges that Summit County failed to properly train Deputy Graham in the grounds to expand the scope of a traffic stop; conducting field sobriety tests; and probable cause to initiate an arrest.[76] The proposed Second Amended Complaint also expands Ms. Leon's allegations regarding the field sobriety tests Deputy Graham conducted.[77] Ms. Leon claims that, given her blood test results showing a BAC of .01, the field tests results suggesting a higher BAC must have been conducted improperly.[78] Ms. Leon also alleges deficiencies in the particular tests Deputy Graham administered.[79]

This is a poor case for challenging Defendants' practices in conducting field sobriety tests. Deputy Graham arrested Ms. Leon based on not only her performance on the tests, but because he detected the odor of alcohol, because Ms. Leon admitted to some drinking, and because she refused to take a PBT. Even assuming for purposes of the Motion to Amend that Ms. Leon's allegations of improperly conducted field sobriety tests are true, Ms. Leon's performance

---

[74] Proposed Second Amended Complaint ¶¶ 65–73, 80–99, docket no. 22-1.
[75] *Id.* ¶¶ 74–79.
[76] *Id.* ¶¶ 76–78.
[77] *Id.* ¶¶ 22–64.
[78] *Id.* ¶¶ 28, 37.
[79] *Id.* ¶¶ 22–64.

on the tests did not dispel Deputy Graham's suspicion of intoxication.[80] Ms. Leon's allegation that she suffered an unconstitutional expansion of the scope of the traffic stop, an unconstitutional arrest, or an unconstitutional prosecution[81] is conclusory and not supported by the allegations of fact.[82] The proposed Second Amended Complaint would not survive a motion to dismiss and is therefore futile.[83]

Ms. Leon's claims are dismissed, and she is denied leave to amend. Dismissal under 12(b)(6) is generally with prejudice where amending would be futile.[84] In *Hargrave v. Chief Asian, LLC*,[85] for example, the Tenth Circuit dismissed a trademark case with prejudice, finding: "No amendment could change the fact that [plaintiff] did not own the contested trademark."[86] As in the *Hargrave* case,[87] no amendment could change certain dispositive aspects of this case. No amendment would change the fact that Defendants are a county and police officer entitled to absolute or qualified immunity. No amendment would change the fact that Ms. Leon admitted to drinking beer before driving and then refused a PBT. Therefore, the Complaint[88] is dismissed with prejudice.

---

[80] *Amundsen v. Jones*, 533 F.3d 1192, 1200 (10th Cir. 2008) (finding no net effect on an officer's reasonable suspicion where field sobriety tests neither provided additional evidence of impairment nor dispelled the officer's earlier suspicions of intoxication).

[81] Proposed Second Amended Complaint ¶ 79.

[82] *Ashcroft*, 556 U.S. at 678.

[83] *Gohier*, 186 F.3d at 1218.

[84] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[85] 479 F. App'x 827 (10th Cir. 2012).

[86] *Id.* at 831 (citing *Brereton*, 434 F.3d at 1219).

[87] 479 F. App'x at 831.

[88] Docket no. 15.

## Motion to Convert to Summary Judgment

Ms. Leon filed the Motion to Convert, seeking to convert the briefing on the Motion to Dismiss and Motion to Amend to a motion for summary judgment.[89] Defendants oppose the Motion to Convert.[90] The filings need not be converted to a motion for summary judgment because the Motion to Dismiss and Motion to Amend can be decided based on the allegations in the Complaint and the pleadings on file without evaluating the additional facts presented in the briefing. Therefore, the Motion to Convert is denied.

## Objection to Expenses on Motion to Compel

The Magistrate Judge previously granted Ms. Leon's Motion to Compel discovery from Defendants.[91] In granting the Motion to Compel, the Magistrate Judge also granted Ms. Leon her reasonable expenses incurred in making the motion.[92] Defendants object to the decision to grant Ms. Leon expenses. The Expenses Objection is overruled.

Defendants contend that the decision was procedurally improper because the Magistrate Judge did not permit "an opportunity to be heard" on the expenses issue as required by Rule 37(a)(5). The rule provides that, absent certain inapplicable exceptions, if a motion to compel is granted "the court ***must***, ***after giving an opportunity to be heard***, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[93] The deficiency in Defendants' opportunity to be heard, if any, has been cured.

---

[89] Motion to Convert, docket no. 27.

[90] Opposition to Motion to Convert, docket no. 31, filed June 9, 2017.

[91] Memorandum Decision and Order Granting in Part Motion to Compel Discovery, docket no. 45, July 19, 2017.

[92] *Id.*; Fed. R. Civ. P. 37(a)(5).

[93] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Defendants submitted in their Expenses Objection the reasons they contest the award of expenses.[94] These reasons have been considered and rejected.

Defendants argue that attorney's fees are not warranted in this case because they did not engage in delay tactics; because "boilerplate objections" are not sanctionable; and because Defendants did not act in bad faith, vexatiously, wantonly, or for oppressive reasons.[95] However, Defendants have drawn the standard they apply from inapposite sources. In *Liguaria Foods, Inc. v. Griffith Laboratories, Inc.*, the district judge declined to impose sanctions for boilerplate discovery responses but then proceeded to put litigators on notice that judges should be encouraged to impose sanctions for such inadequate discovery responses moving forward.[96] The Utah case Defendants cite is not binding and predates substantial revisions to Utah's discovery rules.[97] The Supreme Court case of *Chambers v. NASCO, Inc.*[98]—holding that fees should be awarded for bad faith, vexatious, wanton, or oppressive actions—did not involve a motion to compel. Rather, Rule 37 presumes that a party forced to file a meritorious motion to compel will be awarded its expenses for the motion, including reasonable attorney's fees.[99] The Magistrate Judge correctly granted expenses under Rule 37, and the Expenses Objection is overruled.

Ms. Leon's counsel already filed an Affidavit in Support of Attorney Fees (the "Fees Affidavit").[100] Defendants did not respond to the Fees Affidavit, presumably relying on their

---

[94] Expenses Objection at 9–10.

[95] *Id.*

[96] 320 F.R.D. 168, 190–91 (N.D. Iowa 2017) (urging judges to impose "increasingly severe sanctions to change the culture of discovery abuse" because "[f]ederal discovery rules and the cases interpreting them uniformly finding the 'boilerplate' discovery culture impermissible are not aspirational, they are the law.").

[97] Expenses Objection at 9–10 (citing *Morton v. Continental Baking Co.*, 938 P.2d 271, 274 (Utah 1997)).

[98] 501 U.S. 32 (1991).

[99] Fed. R. Civ. P. 37(a)(5)(A) (using the mandatory "must" in its provision on awarding expenses to a party who prevails on a motion to compel).

[100] Docket no. 44, filed July 18, 2017.

pending Expenses Objection. Defendants are permitted a response, if any, to Ms. Leon's pending Fees Affidavit,[101] but only as to the amount of fees and not as to the grounds for the award.

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[102] is GRANTED. Ms. Leon's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Ms. Leon's Motion to Amend[103] and Motion to Convert[104] to Summary Judgment are DENIED.

IT IS FURTHER ORDERED that Defendants' Objection to the Expense Award is OVERRULED. Ms. Leon's Fees Affidavit has been referred to the Magistrate Judge for a decision. Defendants must file their response to the Fees Affidavit, if any,[105] within 14 days of this Memorandum Decision and Order. Such response is limited to contesting the amount of fees requested, not whether the award is permitted.

A judgment will be entered consistent with this Memorandum Decision and Order. The Clerk is directed to close the case.

Dated November 28, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[101] Affidavit in Support of Attorney Fees, docket no. 44, filed July 18, 2017.

[102] Docket no. 19.

[103] Docket no. 22.

[104] Docket no. 27.

[105] Docket no. 44.